Filed 1/22/21  P. v. Murphy CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES ANTHONY MURPHY, JR.,<br><br>    Defendant and Appellant. | G059289<br><br>(Super. Ct. No. 07NF2178)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Thomas E. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Charles Anthony Murphy, Jr., appeals from the trial court's summary denial of his petition for resentencing (Petition) under Penal Code section 1170.95 (section 1170.95).

In 2012, a jury convicted defendant of two counts of murder in the first degree and found true the special circumstance allegations of murder for financial gain, multiple murder, and murder during the commission of kidnapping. The jury also convicted him of attempted murder with premeditation and deliberation, and conspiracy to commit murder. We affirmed the convictions on appeal. (*People v. Murphy* (Jan. 22, 2016, G049716) [nonpub. opn.] (*Murphy 1*)).

In 2019, defendant filed the Petition seeking resentencing on the murder convictions. The trial court summarily denied the Petition on the grounds that Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4, SB 1437), the legislation which added section 1170.95 to the Penal Code, is unconstitutional. We reversed and remanded the matter to the trial court with directions to consider the Petition on the merits under section 1170.95. (*People v. Murphy* (Mar. 19, 2020, G047553) [nonpub. opn.]).)

On remand, the trial court summarily denied the Petition on the grounds that defendant is statutorily ineligible for relief under section 1170.95. Among other things, the trial court noted the true finding on the murder for financial gain special circumstance (Pen. Code, § 190.2, subd. (a)(1)) included an intent to kill.

We appointed counsel to represent defendant on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court he found no arguable issues to assert on defendant's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) Counsel and this court notified defendant he could file a supplemental brief on his own behalf. However, we received no supplemental brief from him and the time to file one has passed.

To assist us in our review, counsel suggested we consider whether the trial court erred by conducting the hearing on the Petition in his absence.

## DISCUSSION

We have independently reviewed the entire record as required under *Anders v. California, supra*, 386 U.S. 738 and *People v. Wende, supra*, 25 Cal.3d 436, and have found no arguable issues on appeal. Therefore, we affirm the postjudgment order.

Relief under section 1170.95 is available only to those "'convicted of felony murder or murder under a natural and probable consequence theory . . . .'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) In *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted March 18, 2020, S260598, the court held (1) a trial court may rely on the record of conviction in determining whether the defendant's petition makes a prima facie showing for relief under section 1170.95, and (2) the record of conviction includes the opinion of the Court of Appeal in the underlying conviction.

Our opinion in *Murphy 1*, *supra*, G049716, recites a lengthy description of the evidence presented to the jury upon which it found beyond a reasonable doubt that defendant and his codefendants Iftekhar Murtaza and Vitaliy Krasnoperov murdered Jayprakash and Karishima Dhanak for financial gain. Plus, it is undisputed (1) the jury's financial gain special circumstance true findings required findings that the murders were intentional (Pen. Code §§ 190.2, subd. (a)(1), 190.4, subd. (a)), and (2) defendant was not convicted of felony murder or murder under a natural and probable consequence theory.

Accordingly, we conclude the trial court correctly determined, based on the record of conviction in this case, defendant was not eligible for relief under section 1170.95 as a matter of law. It follows the trial court did not err by summarily denying the Petition in defendant's absence and over his objection, or without first issuing an order to show cause or holding an evidentiary hearing. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493.)

In sum, counsel's assessment there were no arguable issues to raise on appeal was manifestly correct. And nothing revealed by our own independent review of the record suggests otherwise.

3

## DISPOSITION

The postjudgment order is affirmed.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.